UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Cremeans

    v.                                  Case No. 17-cv-612-PB
                                          Opinion No. 2019 DNH 151

Warden, New Hampshire State Prison

**O R D E R**

Pro se petitioner Christopher Cremeans seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Doc. No. 1. Respondent Warden of the New Hampshire State Prison, Michael Zenk, has moved to dismiss, see Doc. No. 5, and Cremeans has filed a response (Doc. No. 7), which the court construes as an objection to the Motion to Dismiss. Also before the court is Cremeans's Motion to Waive Service on Respondent (Doc. No. 8).

**Background**

Christopher Cremeans is a prisoner of the State of New Hampshire who pleaded guilty to two counts of aggravated felonious sexual assault and two counts of endangering the welfare of a child and was sentenced to 17 1/2 - 35 years in prison in state court. See Apr. 10, 2017 Order, State v. Cremeans, Nos. 216-2004-CR-1243, -1248, -1256; 216-2005-CR-098, -099 (Apr. 10, 2017 N.H. Super. Ct., Hillsborough Cty., N. Dist.) (Doc. No. 1 at 19-20). In its sentencing order, that

1

court recommended that the Department of Corrections ("DOC") require Cremeans to complete the prison's sex offender program ("SOP"). The court also included the following provision in Cremeans's sentence:

> [two-and-one-half years] of the minimum sentence may be suspended by the Court on application of the defendant provided the defendant demonstrates meaningful participation in a sexual offender program while incarcerated, it shall be defendant's burden to demonstrate that under all the circumstances, such suspension is warranted.

Id. (Doc. No. 1 at 20). The state court entered judgement on November 9, 2005. See id. (Doc. No. 1 at 19).

On November 16, 2006, Cremeans filed a motion in the state trial court to withdraw his plea and proceed to trial. The court denied the motion on December 20, 2006, and denied Cremeans's motion to reconsider on January 10, 2007. The trial court denied additional post-conviction motions on January 26, 2007. Cremeans appealed the denials collectively to the New Hampshire Supreme Court ("NHSC"). On September 17, 2007, the NHSC declined the appeal. See Mot. to Dismiss (Doc. No. 5) at 2.

On December 27, 2007, Cremeans filed a petition for writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254, challenging his 2005 judgment. See § 2254 Pet. at 14, Cremeans v. Wells, No. 08-cv-003-JL (D.N.H.), (ECF No. 1). This Court dismissed the petition as untimely. See Mar. 5, 2008 Order, id.

2

(ECF No. 6) (approving Feb. 12, 2008 Report and Recommendation ("R&R") (ECF No. 3)).

Cremeans then returned to state court and again challenged his 2005 convictions. His discretionary appeal was declined by the NHSC on January 8, 2009. See Mot. to Dismiss (Doc. No. 5) at 2-3.

At a parole hearing held on July 7, 2011, Cremeans learned for the first time that prior to his sentencing, the DOC had adopted the following policy regarding entry into the SOP:

> After much thought and discussion, it has been decided that after September 1, 2002, we will no longer consider for early admission anyone who has a court order stating that a portion of their sentence MAY be suspended upon completion of the Sex Offender Program.
>
> The rationale for this decision is based in part on the length of our waiting lists . . . [and] [t]his is a good faith effort to give fair chance to inmates who are nearing their actual Minimum Parole Dates to get into treatment as soon possible.
>
> We will continue to honor the court's recommendation for early admission only when the sentencing order states specifically that a certain portion of the sentence WILL/SHALL be suspended if the defendant completes Sex Offender Treatment. . . .

Apr. 10, 2017 Order, Cremeans, Nos. 216-2004-CR-1243, -1248, -1256; 216-2005-CR-098, -099, supra, (Doc. No. 1 at 20). Shortly after the parole hearing, Cremeans filed a motion in the trial court requesting that it amend his sentence to provide that a portion of his sentence "shall" be suspended upon completion of the SOP. The court denied his request on August 1, 2011. See

id. (Doc. No. 1 at 21). Cremeans did not appeal this ruling.

In 2017, Cremeans filed a motion in the trial court to vacate and suspend his sentence, in which he challenged the constitutionality of his sentence. Specifically, Cremeans moved, in relevant part, to: (1) vacate his sentence to the extent it provides his minimum term may be suspended upon completion of the SOP; and (2) suspend the balance of his minimum sentence pursuant to RSA 651:20. See id. (Doc. No. 1 at 21). On April 10, 2017, the court denied the motion to vacate and suspend to the extent it requested vacation and suspension of the minimum term of his sentence. See id. (Doc. No. 1 at 23-24). On September 14, 2017, the NHSC declined Cremeans's appeal of the trial court's order. See Doc. No. 1 at 6.

Cremeans filed the instant § 2254 petition (Doc. No. 1) on November 13, 2017. He claims the sentencing court violated his right to due process by giving him an "impossible" sentence. That is, one which requires satisfaction of an "impossible" condition (i.e. meaningful participation and completion of the prison's SOP) to obtain suspension of two and a half years from his minimum sentence. He argues that he is entitled to have his sentence vacated.

Respondent has filed a Motion to Dismiss (Doc. No. 5), raising three defenses to Cremeans's claim: (1) the petition is successive; (2) the petition is untimely; and (3) the petition

challenges the terms of a state sentence and does not present a federal question.  Cremeans has objected to the Motion, see Doc. No. 7, and has filed a Motion to Waive Service of his Objection on Respondent (Doc. No. 8).

For the reasons that follow, Cremeans's habeas petition is an unauthorized, successive application for habeas relief over which this Court lacks subject matter jurisdiction.  Because this issue is dispositive, the Court need not address whether the petition is untimely or presents a constitutional question cognizable on federal habeas review.

## **Discussion**

According to Respondent, the Court lacks jurisdiction to entertain Cremeans's petition because it is his second § 2254 habeas petition challenging his 2005 judgment, and he has not obtained authorization from the First Circuit Court of Appeals to file a second or successive application for habeas relief. Cremeans contends the petition is not a successive application because he is raising newly discovered grounds for relief that were not available when he filed his 2008 § 2254 petition.

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes

5

to file a "second or successive" habeas corpus application challenging that custody, id. at § 2244(b).

> In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). . . .

Burton v. Stewart, 549 U.S. 147, 152-153 (2007) (per curiam) (citing § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530 (2005); Felker v. Turpin, 518 U.S. 651, 656-657, 664 (1996)). The court of appeals may authorize a second or successive habeas petition for a claim that was not presented in a prior habeas petition if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Section 2244(b)(3)(A) "strip[s] the district court of jurisdiction over a second or successive habeas petition unless

and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); see also Burton, 549 U.S. at 149 ("[P]etitioner . . . failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)[, which] deprived the District Court of jurisdiction to hear his claims."). Section 2244(b)(3)(A) applies so long as the earlier petition was decided on the merits. See Pratt, 129 F.3d at 60.

When Cremeans filed his first habeas petition in 2008, he was in custody pursuant to his November 9, 2005 state court judgment, and his petition challenged the validity of that judgment. This Court dismissed the petition as untimely. Dismissal of a first petition as time-barred qualifies as an adjudication on the merits when considering a second or successive habeas petition. See Quezada v. Smith, 624 F.3d 514, 518 (2d Cir. 2010) ("Generally, a petition dismissed as time-barred is considered a decision on the merits." (citations omitted)); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)."); Hutcherson v. Riley, 468 F.3d 750, 755 (11th Cir. 2006) (explaining that a petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254

petition is dismissed as untimely); Mattatall v. Wall, C.A. No. 17-468-WES, 2019 U.S. Dist. LEXIS 28207, at *6-*7, 2019 WL 861337, at *3 (D.R.I. Feb. 22, 2019) ("The dismissal of a first petition as time-barred . . . qualifies as an adjudication on the merits when considering a second or successive habeas petition." (citing Cook v. Ryan, Civil Action No. 12-11840-RWZ, 2012 U.S. Dist. LEXIS 148419, *4-*5, 2012 WL 5064492, at *2 (D. Mass. Oct. 15, 2012) (collecting cases)).

When Cremeans filed this habeas petition in 2017, he was still in custody pursuant to the same 2005 judgment that was the subject of his 2008 petition. Moreover, he again attacks the validity of that judgement by raising a due process challenge to the terms of the sentence imposed.[1] In short, Cremeans has twice brought claims contesting the same custody imposed by the same judgment of a state court. Consequently, this 2017 petition is

---

[1] Critically, Cremeans is not challenging the execution of his sentence. See 28 U.S.C. § 2241. In other words, he does not claim that the DOC is failing or refusing to comply with the terms of the sentence as it was imposed by the trial court. Cf. James v. Walsh, 308 F.3d 162, 168 (2nd Cir. 2002) (petition alleging miscalculation of conditional prison release date was not "second or successive"). Nor does he allege any error or constitutional violation at his parole hearing or challenge the DOC policy regarding early admission into the SOP program. Cf. Restucci v. Bender, 599 F.3d 8, 10 (1st Cir. 2010) (where petitioner previously brought a petition challenging conviction, subsequent petition concerning denial of parole was not a "second or successive" petition). Cremeans's claim is that the sentence itself violates the due process clause of the U.S. Constitution.

a "second or successive" habeas application, and Cremeans was required under the AEDPA to seek authorization from the First Circuit Court of Appeals before filing it in this Court. See Burton, 549 U.S. at 153. Because he did not do so, the District Court is without jurisdiction to entertain this habeas petition, and it must be dismissed. See id.

## Conclusion

Cremeans's 2017 habeas petition is an unauthorized, successive application for habeas relief over which this Court lacks subject matter jurisdiction. Accordingly, the Court grants the Warden's Motion to Dismiss (Doc. No. 5), without prejudice to Cremeans's ability to seek authorization from the First Circuit Court of Appeals to file a successive habeas application. The Court grants Cremeans's Motion to Waive Service (Doc. No. 8).

Because Cremeans has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. Cremeans may seek such a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts; First Cir. LR 22.0. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 16, 2019

cc: Christopher Cremeans, pro se
    Elizabeth C. Woodcock, Esq.